Geana M. Van Dessel, WA #35969
Victoria H. Buter, NE #23841, *pro hac vice*
Kutak Rock LLP
510 West Riverside Avenue, Suite 800
Spokane, WA 99201
Telephone: (509) 747-4040
geana.vandessel@kutakrock.com
vicki.buter@kutakrock.com

*Attorneys for Plaintiff/Defendant*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA LIQUIDATION TRUST<br><br>Remaining Debtor,<br><br>BRIAN WEISS, as Liquidation Trustee of the REFRESHING USA, LLC LIQUIDATION TRUST,<br><br>Plaintiff,<br>v.<br><br>RISE FRANCHISE SOLUTIONS, LLC, PATRICK MCKEE, and JOHN DOES #1-10,<br><br>Defendants. | Lead Case No. 24-01863-11<br>(Jointly Administered)<br><br>**Adv. Pro. No. 26-80038**<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS** |

Defendants Rise Franchise Solutions, LLC ("Rise") and Patrick McKee ("McKee") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond as follows to the allegations contained in Brian Weiss, as Liquidation Trustee of the Refreshing USA, LLC Liquidation Trust's (the "Trustee" or "Plaintiff") First Amended Complaint to Avoid and Recover Fraudulent Transfers ("First

Amended Complaint”).

## I. NATURE OF THE ADVERSARY PROCEEDING

1. Defendants admit that this adversary proceeding arises from events related to the WST Enterprise and that the Court has made Ponzi-related findings as alleged in Paragraph 1 of the First Amended Complaint. Defendants deny that they received “fraudulent transfers” or “fictitious profits.” Defendants further deny that Rise or McKee received $1,328,930.71 or any amount in excess of the principal invested by Covalent Holdings LLC (“Covalent”), the entity to which Rise assigned its investment interest before the payments at issue were made. Defendants deny the remainder of the allegations in Paragraph 1 of the First Amended Complaint.

2. Defendants admit that Plaintiff seeks the relief set forth in Paragraph 2 of the First Amended Complaint. Defendants deny the remainder of the allegations in Paragraph 2 of the First Amended Complaint and expressly deny that any such relief is proper.

3. Defendants admit that Plaintiff seeks the relief set forth in Paragraph 3 of the First Amended Complaint. Defendants deny the remainder of the allegations in Paragraph 3 of the First Amended Complaint and expressly deny that any such relief is proper.

## II. PARTIES

4. Upon information and belief, Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendants admit that Rise was an investor in the WST Enterprise as alleged in Paragraph 5 of the First Amended Complaint. Defendants deny that Rise



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

was the recipient of any transfer of funds. Rise assigned its entire investment interest to Covalent Holdings LLC prior to the payments identified in the First Amended Complaint. All payments received from the Debtors after the assignment were received by Covalent, not Rise.

6. Defendants deny the allegations in Paragraph 6 of the First Amended Complaint. McKee is the principal of both Rise and Covalent. To the extent payments were received, they were received by Covalent.

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the First Amended Complaint and, therefore, denies the same.

## III. JURISDICTION AND VENUE

8. Defendants admit that jurisdiction is proper under 28 U.S.C. §§ 157 and 1334(b), as set forth in Paragraph 8 of the First Amended Complaint.

9. Defendants admit that they are subject to the jurisdiction of this Court. Defendants deny the remaining allegations in Paragraph 9 of the First Amended Complaint.

10. Defendants admit this matter is a core proceeding and consent to the entry of final orders and judgment by the Bankruptcy Court, as set forth in Paragraph 10 of the First Amended Complaint.

11. Defendants admit that venue is proper under 28 U.S.C. § 1409(a), as set forth in Paragraph 11 of the First Amended Complaint.

## IV. FACTUAL ALLEGATIONS

### A. The WaterStation Ponzi Scheme



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

12. Upon information and belief, Defendants admit the allegations in Paragraph 12 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

13. Upon information and belief, Defendants admit the allegations in Paragraph 13 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

14. Upon information and belief, Defendants admit the allegations in Paragraph 14 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

15. Upon information and belief, Defendants admit the allegations in Paragraph 15 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

16. Upon information and belief, Defendants admit the allegations in Paragraph 16 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

17. Upon information and belief, Defendants admit the allegations in Paragraph 17 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

the scheme, not perpetrators or knowing beneficiaries.

18. Upon information and belief, Defendants admit the allegations in Paragraph 18 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

19. Upon information and belief, Defendants admit the allegations in Paragraph 19 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

20. Upon information and belief, Defendants admit the allegations in Paragraph 20 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

21. Upon information and belief, Defendants admit the allegations in Paragraph 21 of the First Amended Complaint. Defendants deny any personal knowledge of or participation in the fraudulent scheme. Defendants were victims of the scheme, not perpetrators or knowing beneficiaries.

**B. The Debtors' Bankruptcy Case**

22. Upon information and belief, Defendants admit the allegations in Paragraph 22 of the First Amended Complaint.

23. Upon information and belief, Defendants admit the allegations in Paragraph 23 of the First Amended Complaint.

24. Upon information and belief, Defendants admit the allegations in



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

Paragraph 24 of the First Amended Complaint.

25. Upon information and belief, Defendants admit the allegations in Paragraph 25 of the First Amended Complaint.

26. Upon information and belief, Defendants admit the allegations in Paragraph 26 of the First Amended Complaint.

27. Upon information and belief, Defendants admit the allegations in Paragraph 27 of the First Amended Complaint.

28. Upon information and belief, Defendants admit the allegations in Paragraph 28 of the First Amended Complaint.

**C. Investor's Investment in the WST Enterprise and the Fraudulent Transfers**

29. Defendants admit that Rise transferred cash to the Debtors in exchange for an interest in water machines. Defendants admit that on May 30, 2019, Rise executed a Contribution Agreement assigning all right, title, and interest in the investment to Covalent. Defendants deny the remaining allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants deny that they received payments from the Debtors in the total amount of $208,266.63 as alleged in Paragraph 30 of the First Amended Complaint. Rise assigned its investment interest to Covalent before the payments at issue were made. Certain payments were received by Covalent, deposited into Covalent's bank accounts, and applied to Covalent's SBA loan obligations and operating expenses. The Services Agreement between WaterStation Management, LLC and Covalent, effective December 31, 2018, expressly directs all distributions to



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

Covalent's designated bank account and identifies Covalent as the equipment owner. Rise did not receive the payments. The content of Exhibit A to Plaintiff's First Amended Complaint speaks for itself, however Defendants affirmatively state that Exhibit A identifies eleven payments totaling $208,266.63.

31. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint. Defendants specifically deny that they received $62,016.63, or any amount, in excess of the principal invested in the WST Enterprise.

32. Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

## V. FIRST CAUSE OF ACTION

### Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve the Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(1) and 19.40.071, and Bankruptcy Code §§ 544(b), 548(a)(1), 550(a), and 551

33. Defendants incorporate the responses from all previous paragraphs as if fully set forth herein.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

//



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

## VI. SECOND CAUSE OF ACTION

**Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071, and Bankruptcy Code §§ 544, 548(a)(1), 550(a), and 551**

38. Defendants incorporate the responses from all previous paragraphs as if fully set forth herein.

39. Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

## VII. THIRD CAUSE OF ACTION

**Disallowance of claims Pursuant to Bankruptcy Code §§ 502(a) and (d)**

46. Defendants incorporate the responses from all previous paragraphs as if fully set forth herein.



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

47. Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

## VIII. PRAYER FOR RELIEF

48. Defendants deny each and every allegation not admitted herein and further denies all claims and relief sought in the "Prayer for Relief" section of the First Amended Complaint (paragraphs 48 through 53).

## AFFIRMATIVE DEFENSES

49. **First Affirmative Defense (Failure to State a Claim).** The First Amended Complaint fails to state a claim upon which relief can be granted against either Rise or McKee, and fails to plead the circumstances constituting fraud with the particularity required by Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009.

50. **Second Affirmative Defense (No Transfer to Defendants; Lack of Transferee Status).** Defendants are not initial transferees of the payments identified in Exhibit A, are not entities for whose benefit those payments were made, and are not immediate or mediate transferees within the meaning of 11 U.S.C. § 550(a). Rise assigned all right, title, and interest in the Investment to Covalent Holdings LLC ("Covalent") by Contribution Agreement dated May 30, 2019, before any of the payments at issue were made. Any payments made after that date were made to Covalent on account of Covalent's own ownership interest in the machines and its rights under the Services Agreement, for value and in good faith, and are not avoidable as to any Defendant.



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

51. **Third Affirmative Defense (Mere Conduit; Lack of Dominion and Control).** To the extent Defendants are alleged to have received any of the payments at issue, they lacked dominion and control over such funds and acted as a mere conduit, and therefore are not liable under 11 U.S.C. § 550(a). McKee received no payments in his individual capacity, and the corporate forms of Rise and Covalent Holdings LLC are entitled to be respected.

52. **Fourth Affirmative Defense (Good Faith and Value).** Any transfer sought to be avoided is protected under 11 U.S.C. § 548(c) and RCW 19.40.081 because value was given in exchange for the transfer and the transfer was taken in good faith, without knowledge of the Debtors' insolvency, of the alleged Ponzi scheme, or of the voidability of the transfer. Defendants had no actual or inquiry notice of any fraud by the Debtors or Ryan Wear and were themselves victims of the scheme.

53. **Fifth Affirmative Defense (Good Faith Subsequent Transferee).** To the extent Defendants are alleged to be immediate or mediate transferees of any avoided transfer, recovery is barred by 11 U.S.C. § 550(b) because any such transfer was taken for value, in good faith, and without knowledge of the voidability of the transfer avoided.

54. **Sixth Affirmative Defense (Reasonably Equivalent Value; Antecedent Debt).** The Debtors received reasonably equivalent value for any transfer at issue, including satisfaction of an antecedent debt and restitution of principal invested, within the meaning of 11 U.S.C. § 548(d)(2)(A) and RCW 19.40.031, and the constructive fraud claim therefore fails.



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

55. **Seventh Affirmative Defense (No Fictitious Profits; Inaccurate Transfer Amounts).** The transfer amounts alleged in the First Amended Complaint are inaccurate, overstated, and unsupported. Plaintiff is put to strict proof of the date, amount, transferor, and transferee of each transfer alleged. Neither Rise nor McKee received any payment in excess of the principal invested in the WST Enterprise, and any recovery is limited, at most, to amounts actually received in excess of principal by the actual transferee.

56. **Eighth Affirmative Defense (Statutes of Limitations and Repose).** Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation and repose, including 11 U.S.C. §§ 546(a) and 548(a)(1), and RCW 19.40.091, to the extent any transfer occurred outside the applicable reach-back or limitations period.

57. **Ninth Affirmative Defense (No Triggering Creditor Under § 544(b)).** Plaintiff's state-law claims fail because there is no actual unsecured creditor holding an allowable claim who could avoid the transfers at issue under applicable non-bankruptcy law as of the relevant dates, as required by 11 U.S.C. § 544(b).

58. **Tenth Affirmative Defense (No Ponzi Scheme Presumption Against Defendants).** Defendants were not parties to the Debtors' chapter 11 cases or the confirmation proceedings and are not bound by the Ponzi Findings for purposes of establishing actual intent, insolvency, or any element of Plaintiff's claims against them, and Plaintiff must prove each element as to each transfer.

59. **Eleventh Affirmative Defense (Setoff and Recoupment).** Any recovery must be reduced by all amounts owed to Defendants by the Debtors, including unreturned principal, amounts paid for machines never delivered or never



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

existing, the amounts asserted in the proof of claim filed by Rise in the Debtors' bankruptcy cases, and all other claims of Defendants against the Debtors, by way of setoff under 11 U.S.C. § 553 and recoupment.

60. **Twelfth Affirmative Defense (Single Satisfaction).** Plaintiff is entitled to only a single satisfaction under 11 U.S.C. § 550(d), and any recovery from Defendants must be reduced by amounts recovered from any other transferee or party on account of the same transfers.

61. **Thirteenth Affirmative Defense (Allowance of Claims; Sections 502(d) and 502(h)).** Rise has filed a proof of claim in the Debtors' bankruptcy cases, and that claim is valid and allowable. Disallowance under 11 U.S.C. § 502(d) is improper because no transfer has been avoided and no judgment for the recovery of any transfer has been entered, and § 502(d) does not operate to disallow a claim absent a final judgment of avoidance that the claimant has failed to satisfy. Covalent Holdings LLC has also filed a proof of claim, and Covalent is not a defendant in this adversary proceeding; no relief may be granted in this proceeding disallowing, subordinating, or otherwise affecting Covalent's claim. In the event any transfer is avoided and recovered, Defendants are entitled to allowance of a claim under 11 U.S.C. § 502(h).

62. **Fourteenth Affirmative Defense (Equitable Defenses).** Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and in pari delicto, and by the conduct of the Debtors and their principals.



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

63. **Fifteenth Affirmative Defense (Failure to Mitigate; Comparative Fault).** Any damages or losses alleged were caused, in whole or in part, by the acts or omissions of the Debtors, their principals, or third parties over whom Defendants had no control, and Plaintiff has failed to mitigate.

64. **Sixteenth Affirmative Defense (Prejudgment Interest).** Plaintiff is not entitled to prejudgment interest, or to prejudgment interest at the rate or from the dates requested, because the amounts sought are unliquidated and disputed.

**65. Seventeenth Affirmative Defense (No Waiver by Filing of Proof of Claim).** The filing of a proof of claim by Rise, or by any other claimant, does not constitute a waiver of, and Defendants expressly preserve, all defenses, objections, rights of setoff and recoupment, and rights under 11 U.S.C. §§ 502(h), 548(c), 550(b), and 553, and Defendants do not consent to the use of the claims allowance process to adjudicate any matter beyond the allowance of the claim itself.

66. **Eighteenth Affirmative Defense (Reservation of Rights).** Defendants have insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Defendants reserve the right to assert additional affirmative defenses that become available or apparent during discovery, and to amend this Answer accordingly.

//



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

WHEREFORE, having fully answered the First Amended Complaint, Defendants Rise Franchise Solutions, LLC and Patrick McKee respectfully request that the Court enter judgment as follows:

A. Dismissing the First Amended Complaint in its entirety, with prejudice, and denying all relief requested therein;

B. Entering judgment in favor of Defendants and against Plaintiff on each of the First, Second, and Third Causes of Action;

C. Determining that no transfer sought to be avoided is avoidable as against Defendants, and that Plaintiff is entitled to no recovery from Defendants under 11 U.S.C. § 550 or otherwise;

D. Overruling Plaintiff's objection under 11 U.S.C. §§ 502(a) and (d) and allowing in full the proof of claim filed by Rise Franchise Solutions, LLC, and determining that no relief in this adversary proceeding disallows, subordinates, or otherwise affects the proof of claim filed by Covalent Holdings LLC, which is not a party hereto;

E. In the alternative, and only in the event any transfer is avoided and recovered, allowing Defendants a claim under 11 U.S.C. § 502(h) and reducing any judgment by all amounts subject to setoff or recoupment and by all amounts recovered by Plaintiff from any other person on account of the same transfers;

F. Denying Plaintiff's request for prejudgment interest, costs, and fees;

G. Awarding Defendants their costs and attorneys' fees incurred in this adversary proceeding to the extent permitted by contract or applicable law; and

H. Granting other and further relief as the Court deems just and proper.



KUTAK ROCK LLP
Attorneys at Law
510 West Riverside Avenue, Suite 800
Spokane, WA 99201

Dated: October 12, 2026

KUTAK ROCK LLP

By: *s/ Geana M. Van Dessel*
Geana M. Van Dessel, WA #35969
By: *s/ Victoria H. Buter*
Victoria H. Buter, NE #23841, *pro hac vice*
510 West Riverside Avenue, Suite 800
Spokane, Washington 99201
Telephone: (509) 747-4040
geana.vandessel@kutakrock.com
vicki.buter@kutakrock.com
spokanelitigationfilings@kutakrock.com

*Attorneys for Defendants Rise Franchise Solutions, LLC and Patrick McKee*